WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
Union Plaza
1136 Union Mall, Suite 402
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>HAWAIIAN CRUSH INC., dba HAWAIIAN CRUSH CLEANING SERVICES, a Hawaii corporation,<br><br>　　　　　Defendant. | CIVIL NO. 16-00457 DKW-KJM<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HAWAIIAN CRUSH INC., DBA HAWAIIAN CRUSH CLEANING SERVICES, A HAWAII CORPORATION [DOC. NO. 18]**<br><br>**Hearing Date: June 2, 2017**<br>**Time: 9:30 a.m.**<br>**Judge: The Hon. Kenneth J. Mansfield** |

(130166/918246)

# FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HAWAIIAN CRUSH INC., DBA HAWAIIAN CRUSH CLEANING SERVICES, A HAWAII CORPORATION
[DOC. NO. 18]

Plaintiffs HAWAII LABORERS' TRUST FUNDS ("Plaintiffs" or "Trust Funds") Motion for Entry of Default Judgment Against Defendant HAWAIIAN CRUSH INC., dba HAWAIIAN CRUSH CLEANING SERVICES, a Hawaii corporation ("Defendant"), having come on for hearing before the Honorable Kenneth J. Mansfield, Magistrate Judge on June 2, 2017 at 9:30 a.m. with Ashley K. Ikeda, Esq. appearing for Plaintiffs, and Richard Patterson, President and Director, present on behalf of Defendant; and the Court having read the memoranda, declarations, and exhibits in support and in opposition thereto, having considered the evidence presented, and having heard oral argument, and being fully advised in the premises and good cause appearing therefor, that the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion for Entry of Default Judgment Against Defendant.

The Court bases its recommendation upon the following findings:

## FINDINGS OF FACT

1. Defendant is a Hawaii corporation doing business in Hawaii.

2. Defendant entered into a collective bargaining agreement with the Laborers' International Union of North America, Local 368, AFL-CIO ("Union") on February 29, 2016, which acknowledged by a Certification of Receipt and Acceptance [Doc. No. 1-1], which agreement by its terms incorporated the Master Agreement Covering Construction Laborers in the State of Hawaii ("CBA").

3. Under the CBA, Defendant promised to contribute and pay employee benefit contributions once per month to Plaintiffs for each hour of work performed by Defendant's employees for work covered by the CBA, which contributions are to be paid to Plaintiffs on or before the 20th day of each month for hours worked the prior month.

4. Under the CBA, Defendant agreed that in the event monthly trust fund contributions were not paid when due, Defendant would pay the sum of TWENTY DOLLARS ($20.00) or 20%, whichever was greater, of the amount of the monthly trust fund contributions owed to each of the Trust Funds for each trust

fund delinquency, as and for liquidated damages and not as a penalty.[1]

5. Under the CBA, Defendant agreed to submit its monthly payroll reports and to provide Plaintiffs with all the information necessary to carry out the purposes of the various trust funds, and to pay interest at the rate of 12% per annum on unpaid balances owed, and reasonable attorney's fees and costs if the trust funds are required to file suit for such amounts due.[2]

6. Based on the Complaint filed on August 12, 2016 [Doc. No. 1], for the periods from March 2016 to April 2016, Defendant reported and did not pay for hours worked by employees who were covered by the CBA which resulted in unpaid contributions,

---

[1] ERISA, Section 1132(g)(2), liquidated damages are mandatory, not discretionary under Ninth Circuit law. Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1342 (9th Cir. 1988); Operating Engineers Pension Trust v. Beck Engineering & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984).

[2] Under the CBA and 29 U.S.C. Section 1132(g)(2), the Defendant must also pay the Trust Funds reasonable attorney's fees and costs. See also, Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796, 798-99 (9th Cir. 1990) (Trust Funds entitled to mandatory attorneys' fees award judgment based on interest owed for delinquent contribution payments where Trust Funds prevailed on the issue of interest, citing Section 1132(g)(2)(D)); Operating Engineers Pension Trust v. Reed, 726 F.2d 513 (9th Cir. 1984) (Section 1132(g)(2) mandates awards of interest and fees and costs to the Trust Funds); Kemmis v. McGoldrick, 706 F.2d 993 (9th Cir. 1983).

mandated liquidated damages[3] and interest (through July 31, 2016) totaling TWENTY NINE THOUSAND THREE HUNDRED SEVENTY TWO AND FIFTY ONE CENTS ($29,372.51); which delinquency was determined by monthly payroll report transmittals submitted by Defendant to the Trust Funds' Administrator's Office, as noted in the Declaration of Troy Tonini, which Declaration was filed herein on February 2, 2017 [Doc. No. 18-3] ("Tonini Declaration #1").

    7.    The Defendant was served with a copy of the Complaint for Specific Performance, Assumpsit and Damages; Exhibit "1"; Summons in this case on September 19, 2016, as noted in the Return of Service filed herein on September 28, 2016 [Doc. No. 7].

    8.    Due to Defendant's failure to file an answer or respond to the Complaint, a Request for Entry of Default was filed herein on December 9, 2016 [Doc. No. 11] and Default was entered by the Court on that date [Doc. No. 12].

    9.    Plaintiffs then filed their Motion for Entry of Default Judgment against Defendant on February 2, 2017 [Doc. No. 18].

---

[3] Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Service, Inc., 736 F.2d 516 (9th Cir. 1984).

10. However, said Tonini Declaration #1 set forth that based on an audit of Defendant's payroll services' records completed on October 4, 2016 covering the period of March 2016 through August 2016, the actual hours worked by Defendant's covered employees were ascertained and the amounts due to the trust funds calculated, and based on said audit, the correct March 2016 through August 2016 (March 2016 – June 2016 hours) amounts due pursuant to § 14.9(d) of the CBA were set forth in the summary of amounts due on said audit attached hereto as Exhibit "A" to Tonini Declaration #1 [Doc. No. 18-4].

11. Based on payments received from Nordic PCL on this account on September 20, 2016, the summary [Doc. No. 18-4] credited the amounts paid as of said date, and set forth the remaining amounts due (and periods therefor) from Defendant as follows:

      i. <u>Known Principal Contribution</u>:
        1. March 2016 Audit    $ 330.41
        2. April 2016 Audit    $28,945.99
        3. April 2016 Audit – Pro rata
           on Nordic project hours    ($16,953.58)
                                                Chk#26643298
                                                rcvd 9/20/16

|   |   |   |
|---|---|---|
| 4. | May 2016 Audit | $12,437.78 |
| 5. | May 2016 Audit | ($ 5,923.42) Chk#26643298 rcvd 9/20/16 |
| 6. | June 2016 Audit | $ 2,880.13 |
|   | Sub-Total: | $21,717.31 |

ii. <u>Liquidated Damages</u>:

|   |   |   |
|---|---|---|
| 7. | March 2016 Audit | $ 1,388.91 |
| 8. | April 2016 Audit | $ 6,086.03 |
| 9. | May 2016 Audit | $ 2,490.68 |
| 10. | June 2016 Audit | $    607.48 |
|   | Sub-Total: | $10,573.10 |

iii. <u>Interest (12% per CBA contributions to 12/31/16)</u>:

|   |   |   |
|---|---|---|
| 11. | March 2016 | $       79.29 |
| 12. | April 2016 | $  1,497.04 |
| 13. | May 2016 | $     535.47 |
| 14. | June 2016 | $     141.09 |
|   | Sub-Total: | $  2,252.89 |

Total Due to the Trust Funds:           $34,543.30
(Per Diem as of December 31, 2016: $7.14)

12. The total known amount owed by Defendant as of December 31, 2016 was $34,543.30, an amount which did not include attorney's fees and costs, plus interest on the contributions of $7.14 per diem from December 31, 2016.

13. Defendant made further payments and a Supplemental, Second Supplemental, Third Supplemental and Fourth Supplemental Declarations of Troy Tonini and Exhibits were filed to evidence the adjusted amounts due on the account [Doc. Nos. 20, 20-1, 23, 23-1, 25,

and 27].

14. On June 16, 2017, Plaintiffs filed the Amended Fourth Supplemental Declaration of Troy Tonini setting forth the remaining amounts due on the account as of June 2, 2017 [Doc. No. 28] in paragraph 3. of said Declaration, as follows:

| | | | |
|---|---|---|---|
| i. | Known Principal Contribution: | | |
| | 1. March 2016 Audit | $ 330.41 | |
| | 2. March 2016 Audit | $ (330.41) | |
| | 3. April 2016 Audit | $28,945.99 | |
| | 4. April 2016 Audit – Pro rata on Nordic project hours | ($16,515.14)[4] Chk#26643298 rcvd 9/20/16 | |
| | 5. April 2016 Audit – Pro rata on remaining amounts due | ($ 5,807.59) Chk#885707, 885708 & 885709 rcvd 2/6/17 | |
| | 6. April 2016 Audit | ($5,000.00) Chk#2529019 | |

---

[4] Check #26643298 for $22,877.00 was received on 9/20/2016 from Nordic PCL for partial payment of its Ko Olina project contributions due totaling $29,742.13. $16,953.58 in contributions were initially recorded as paid for April 2016 on para. 11., i., 9 of the February 2, 2017 Declaration [Doc. No. 18-3] and remaining $5,923.42 recorded to May 2016. The check was pended while awaiting further payments and not deposited until 1/25/17. An audit covering March 2016-August 2016 was completed in the meantime (1/5/17), which resulted in overpayments from March 2016 that were applied pro rata towards April 2016. Thus, when Chk#26643298 for $22,877.00 was deposited on 1/25/17, only $16,515.14 was needed to satisfy Nordic's outstanding April 2016 contributions due. The difference of $438.44 was applied towards the $10,043.32 in contributions outstanding for May 2016 on Nordic's Ko Olina project (credit of $5,923.42 per line 11., i., 11 of Doc. No. 18-3 increased to $6,361.86 per para. 14., i., 9, on the next page).

|   |   |   |
|---|---|---|
| 7. | April 2016 Audit | Rcvd 4/19/17<br>($1,623.14)<br>Chk#2529037<br>Rcvd 4/24/17 |
| 8. | May 2016 Audit | $12,437.78 |
| 9. | May 2016 Audit – Pro rata<br>On Nordic project hours | ($ 6,361.86)<br>Chk#26643298<br>rcvd 9/20/16 |
| 10. | May 16 Audit | ($1,376.86)<br>Rcvd 4/24/17 |
| 11. | May 16 Audit – Pro rata | ($4,699.06)<br>Chk#2529247<br>Rcvd 6/2/17 |
| 12. | June 2016 Audit | $ 2,880.13 |
| 13. | June 2016 Audit – Pro rata | ($ 300.94)<br>Chk#2529247<br>Rcvd 6/2/17 |
|   | Sub-Total: | $ 2,579.31 |

iv. <u>Liquidated Damages</u>:
    14. March 2016 Audit    $ 1,388.94
    15. April 2016 Audit    $ 6,086.03
    16.   May 2016 Audit    $ 2,490.68
    17. June 2016 Audit    <u>$   607.48</u>
              Sub-Total:  $10,573.13

v. <u>Interest (12% per CBA contributions to 6/2/17)</u>:
    18. March 2016    $     83.20
    19. April 2016    $ 1,818.45
    20. May 2016    $   806.56
    21. June 2016    <u>$   285.08</u>
              Sub-Total:  $ 2,993.29

Total Due to the Trust Funds:    $16,145.73
(Per Diem as of June 2, 2017: $.85)

The total known amount owed by Defendant as of June 16, 2017 is $16,145.73, an amount which does not include attorney's fees and costs, plus interest on the contributions of $.85 per diem from June 2, 2017.

15. Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 14.9, p. 20-21 of the CBA [Doc. No. 18-5] and pursuant to the Employees Retirement Income Security Act, 29 U.S.C. Section 1132(g)(2), and as supported by the Declaration and Supplemental Declaration of Ashley K. Ikeda submitted on February 2, 2017 and June 9, 2017 [Doc. Nos. 18-2, 18-6, 26, 26-1 and 26-2] for a total amount of $12,721.68.

## RECOMMENDATION

A. Plaintiffs' Motion for Entry of Default Judgment be GRANTED, and that judgment be entered against Defendant, as follows:

B. That Plaintiffs' request for judgment against Defendant for contributions, liquidated damages and interest for the audit and report periods of March 2016 through June 2016, totaling $16,145.73, plus interest at $.85 per diem from June 2, 2017 until entry of judgment be granted.

C. Plaintiffs be awarded the amount of $12,721.68 for reasonable attorneys' fees and costs.

D. That Judgment be entered against Defendant in the total amount of TWENTY-EIGHT THOUSAND EIGHT HUNDRED SIXTY-SEVEN DOLLARS AND FORTY-ONE CENTS ($28,867.41), plus $.85 per diem for June 2, 2017 until entry of judgment herein.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 19, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

_____

HAWAII LABORERS' TRUST FUNDS, ETC., et al., Plaintiffs, vs. HAWAIIAN CRUSH INC., dba HAWAIIAN CRUSH CLEANING SERVICES, a Hawaii corporation, U.S.D.C.; D. HAW.; CIVIL NO. 16-00457 DKW-KJM; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT HAWAIIAN CRUSH INC., dba HAWAIIAN CRUSH CLEANING SERVICES, a Hawaii corporation.